## Lichtenwallner *versus* Laubach.

1. A man may, after warning a person who is unlawfully in his house to leave, eject such person, using such force only as may be necessary.

2. An alleged verbal understanding between vendor and vendee as to when possession shall be taken by the vendee may be proved by such evidence as is ordinarily sufficient to prove any other fact. It is not necessary that the evidence of such parol agreement should be " clear, precise and indubitable."

3. On the trial of an action to recover damages for personal injuries, the physician who attended the plaintiff may testify as to the statements made to him by the patient as to the latter's bodily sensations and ailments which relate to the symptoms of disease or injury. As such sensations can be known only to the person who experiences them, such testimony is, from the necessity of the case, an exception to the rule against the admission of hearsay evidence.

February 18, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. CLARK, J. absent.

ERROR to the Court of Common Pleas of *Lehigh county:* Of January Term, 1882, No. 448.

Trespass, vi et armis, by Thomas F. Laubach and Sarah A., his wife, in right of said Sarah, against Charles Lichtenwallner, James Lichtenwallner and Henry Roth. The narr. declared upon an assault and battery of the plaintiff Sarah, and injury to her goods, in ejecting her and them from a house. The defendants pleaded specially, denying the trespass and injury complained of, and averring that plaintiff was trespassing upon premises owned by the defendant, Charles Lichtenwallner, then in his lawful and peaceable possession, and that plaintiff having refused to leave after being requested and warned to do so, the defendant, Charles Lichtenwallner, and the other defendants as his agents and servants, in defence of his possession, laid their hands gently on the plaintiff and removed her from the premises, using no more force than was necessary for that purpose; and also removed the plaintiff's furniture in like civil and orderly manner without breaking it. Replication and issue.

On the trial, before ALBRIGHT, P. J., the evidence on behalf of the plaintiff was to the effect that on March 3, 1879, the plaintiff went into possession of a certain house on a tract of land in South Whitehall township, with her children and furniture; that later on the same day the defendants entered the house, put out her furniture, and injured it, and the defendant, Reuben Lichtenwallner, jerked a piece of her carpet on which she was standing, from under her, thereby causing her

[Lichtenwallner v. Laubach.]

to fall upon a chair, whereby she (being then pregnant) was injured. Dr. Martin, the plaintiff's physician, being on the stand was asked the following questions:

Q. In consequence of what she said and the pains she described, were you of the opinion she was threatened with a miscarriage, and in that connection, do you remember that she said anything about a blood discharge?

Objected to as incompetent and irrelevant, because the opinion of the witness cannot be given in evidence. Objection overruled; exception. (Third assignment of error.)

Q. Have you examined her since or given any diagnosis of her case lately?

Objected to unless confined to some reasonable time. Objection overruled; exception. (Fourth assignment of error.)

Q. Did you give any advice or prohibition in relation to sexual intercourse between husband and wife?

Objected to as incompetent and irrelevant. Objection overruled; exception. (Fifth assignment of error.)

Q. As an expert making a diagnosis of a case where the patient is intelligent and has capacity of speaking, is a part of the diagnosis of the case, the conversation entered into between the patient and the physician?

Objected to as incompetent and irrelevant, and as an opinion of the witness, and as a conclusion of the witness, which conclusion the witness is not permitted to draw, but the conclusion the jury is to draw. Objection overruled; exception. (Sixth assignment of error.)

The doctor answered in substance, *inter alia*, that the symptoms and feelings described by a patient formed part of the diagnosis; that he took Mrs. Laubach's statement and examined her externally, prescribed a bandage and told her to keep quiet. He further testified, on cross-examination, that a fall might very likely produce the symptoms complained of, but the same symptoms might occur naturally in the case of a woman, like the plaintiff, who at the age of thirty-four years had had eight children, at the time of the alleged fall, and since then had three more; that the child of which the plaintiff was about four months pregnant at the time of the fall was subsequently born fully developed, in a natural way about as the others had been born, &c.

The evidence on behalf of the defendants was, in substance, that the house and tract of land on which the alleged trespass occurred had been purchased by the defendant, Charles Lichtenwallner, from Gideon Bortz, father of the plaintiff, Mrs. Laubach, by deed dated November 12, 1878, recorded December 19, 1878; that by the terms of sale possession was to be given April 1, 1879, but possession of the land was given at

[Lichtenwallner *v.* Laubach.]

once; that Gideon Bortz died February 10, 1879, and Charles Lichtenwallner then put a man in the house to keep charge of the things in the night time, and the widow of Gideon Bortz remained there in the day time; that on the morning of March 3, 1879, the defendant, James Lichtenwallner, by direction of Charles Lichtenwallner, began moving into the house, where he was to live and farm the place, and put four or five loads of his household goods into the house, thereby taking actual possession thereof, and went to get his family and the balance of his goods, intending to occupy the house the next day; but on the afternoon of the same day, March 3, Mr. and Mrs. Laubach and their children moved into it against the prohibition of Mrs. Bortz, with whom there was a struggle for possession of a key, and on the following day Thomas Laubach, by threats and the exhibition of a pistol, excluded the Lichtenwallners from entrance; they thereupon had Thomas Laubach arrested, and, on March 6, the defendants being in lawful possession, ordered Mrs. Laubach to leave, and on her refusal, put her out, and her furniture, using no more force than was necessary; they denied positively that either of them had jerked the carpet while Mrs. Laubach was standing on it, or that she had any fall whatever in the house, as testified to by her.

The defendants presented, inter alia, the following points:

4. A man may eject from his house by proper force, and on a warning to leave, any one whom he wishes away.

Answer. This point as drawn is refused. If the person whom he wishes away is there lawfully, he may not eject him. (First assignment of error.)

8. Unless there is evidence in this cause, clear, precise and indubitable, that Charles Lichtenwallner was not to take immediate possession of the premises upon the delivery of the deed, where the alleged trespass was committed, at the time of the delivery and recording of his deed, then the lawful possession of said premises was in him from the time of the delivery of the deed.

Answer. Refused. (Second assignment of error.)

Verdict in favor of the plaintiff for $706, and judgment thereon. The defendants took this writ of error, assigning for error, inter alia, the admission of Doctor Martin's testimony, as above, and the answers to their fourth and eighth points.

*James S. Biery* for the plaintiffs in error.

*Edward Harvey* (*A. B. Longaker* with him) for the defendants in error.

[Lichtenwallner v. Laubach.]

Mr. Justice STERRETT delivered the opinion of the court, October 6, 1884.

The questions of fact, presented by the pleadings and evidence, having been properly submitted to the jury in a clear and comprehensive charge to which no just exception can be taken, the verdict must now be accepted as a conclusion correctly drawn by the jury from the testimony before them. If the verdict was not warranted by the evidence then the only remedy of the defendants below was by motion for new trial. In that they were unsuccessful, and the discretion exercised by the court in denying the motion is not reviewable here.

In substance, the jury was instructed to inquire whether, at the time Laubach and his wife took possession of the house from which she was afterwards ejected, the defendants or either of them were in possession thereof; if they were not, they committed a trespass in removing her and her goods therefrom. On the other hand, if they or either of them were then in possession, and the plaintiffs unlawfully took and assumed to hold possession, the defendants had a right to remove Mrs. Laubach and her goods from the premises, using no more force than was necessary for that purpose, and doing no unnecessary damage to her goods. Recognizing these as the controlling questions of fact in the case, the defendants in their sixth point requested the court to charge the jury that if "the defendants or any one of them had the rightful possession of the house and premises where the alleged trespass is said to have been committed, and that Sarah A. Laubach and her husband and family obtained possession by artifice or by violence, and the defendants, coming to the knowledge of the fact, turned plaintiffs out, at the request of the rightful owner, with no more force than was necessary, then the plaintiffs cannot maintain this action; for, in that event, the possession of the plaintiffs was not rightful, but wrongful, and in the eye of the law no possession at all." This point was broadly affirmed, and thus the case went to the jury, as a question of fact, on its merits and without regard to any technical question of pleading. By necessary implication the material facts of which the point is predicated are negatived by the verdict. In other words, the jury, in arriving at the conclusion they did, must have found either that Mrs. Laubach was in peaceable possession of the house at the time she was ejected, or that unnecessary force and violence were used in removing her and her goods therefrom. One or both of these vital facts must have been found by the jury; and, either is quite sufficient to sustain the verdict.

There was no error in refusing to charge as requested in defendants' fourth point. Without the qualification suggested

9 OUTERBRIDGE.—24.

by the court, the proposition is too broad.　Nor was there any error in refusing defendants' eighth point.　As a legal proposition it is incorrect.　It often happens that vendor and vendee have a verbal understanding as to when the latter shall be entitled to possession, and that may be shown by such evidence as is ordinarily sufficient to prove any other fact.　It is not necessary that the evidence of such agreement should be "clear, precise and indubitable."　The question, moreover, was not whether Charles Lichtenwallner had the right of possession, but whether he was actually in possession of the premises when Laubach and his family moved into the house. The jury was instructed that the effect of the deed given in evidence by defendants was to vest title in the vendee, but that the title was not involved in the issue except so far as it tended to show that defendants or some of them were rightfully in possession at the time of the alleged trespass.　The first and second assignments are not sustained.

The testimony of Dr. Martin, the attending physician of Mrs. Laubach, which is the subject of complaint in the third to sixth specifications inclusive, tended to explain to the jury her condition, the nature and extent of the injury complained of, and was therefore competent.　Nothing is better settled than that statements of a patient to his physician, as to the character and seat of his sensations, made for the purpose of receiving medical advice, are competent evidence in his favor in an action to recover damages for a personal injury : Barber and Wife v. Merriam, 93 Mass., 322 ; Fay v. Harlan, 128 Id., 244.　It must be conceded that proof of statements, thus made by the patient, as to his bodily ailments and symptoms, is in the nature of hearsay ; but, its admissibility is an exception to the general rule of evidence, justified only by the necessity of the case.　The existence of many bodily sensations and ailments which go to make up the symptoms of disease or injury can be known only to the person who experiences them.　The statement and description of these necessarily enter into and form part of the facts on which the opinion of a medical expert, as to the conditions of health or disease, is founded ; and inasmuch as they can be proved only by the declarations of the patient, such declarations must be admitted, or proof of them would fail altogether.　The weight and value of such evidence are for the jury, and must be determined by them in each particular case.

We are not satisfied there was any error in sustaining the objections to the questions referred to in the tenth, eleventh and twelfth specifications respectively.　Nor do we think there is anything in either of the nine remaining specifications of error that either requires special notice or would justify a

[Gehman v. Erdman.]

reversal of the judgment. The case hinged entirely upon questions of fact which, as we have seen, have been definitively settled by the verdict.

Judgment affirmed.