Argued and submitted February 23, reversed and remanded October 24, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHEN WINSTON WOOD,
*Defendant-Appellant.*

Marion County Circuit Court
10C40681; A147596

289 P3d 348

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer French & Thompson, LLP.

Laura S. Anderson, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for one count of first-degree sexual abuse, ORS 163.427, assigning error to the admission of hearsay statements of the child complainant after the state failed to comply with the notice requirements of OEC 803(18a)(b) and to the imposition of a 75-month mandatory minimum sentence under Ballot Measure 11. Because we conclude that the trial court erred in admitting the hearsay statements, we do not reach defendant's second assignment of error. We reverse.

Believing that her male friend, M, had suffered a similar experience, B, a 12-year-old girl, confided to M that defendant, her great uncle, had touched her inappropriately when she was 10 years old. M encouraged B to tell her mother about the incident, which B promptly did. B's mother then contacted Child Protective Services and local law enforcement officials, and B received a CARES evaluation.[1]

Thereafter, detective LaCrosse of the Marion County Sheriff's office contacted B's family. After meeting B and her mother, LaCrosse discussed the possibility of B placing a phone call to defendant in order to elicit inculpatory admissions. B and her mother agreed, and, after some initial difficulty, they successfully placed and recorded an approximately one and one-half hour long conversation between B and defendant. During that conversation, B and defendant discussed defendant's sexual attraction to B and the night that defendant allegedly touched B inappropriately.

Defendant was charged with one count of first-degree sexual abuse. Several months before trial, the state notified defendant that it intended to offer at trial under OEC 803(18a)(b) hearsay statements that B had made during the investigation of the alleged abuse. OEC 803(18a)(b) allows for the admission of hearsay statements concerning sexual abuse of a child that are made by a declarant who testifies

---

[1] CARES is a regional child abuse assessment center for the northern region of the state. The acronym CARES originally stood for "Child Abuse Response and Evaluation Services." *State v. Norby*, 218 Or App 609, 612, 612 n 1, 180 P3d 752 (2008).

and is subject to cross-examination if the state gives the defendant pretrial notice of the statements:

> "No statement may be admitted under this paragraph unless the proponent of the statement makes known to the adverse party the proponent's intention to offer the statement and the particulars of the statement no later than 15 days before trial, except for good cause shown."

OEC 803(18a)(b). The state's notice provided that the state intended

> "to rely at trial on statements made by [B], * * * to [B's mother]; Anne Daley of CARES NW; Anna Echeverria of CARES NW; and Detective Mathieu LaCrosse, MCSO as set forth in reports previously made available."

Defendant pleaded not guilty and proceeded to a bench trial. During its case-in-chief, the state called B, who testified to the alleged incident of abuse. The state also called Echeverria, a social worker with CARES who had interviewed B during B's CARES evaluation. When the state asked Echeverria about statements B had made during that interview, defendant objected. Defendant argued that, under *State v. Olsen*, 220 Or App 85, 185 P3d 467 (2008), the state's OEC 803(18a)(b) notice of its intention to offer hearsay statements was insufficient. Defendant argued that, as construed in *Olsen*, OEC 803(18a)(b) requires the notice to provide the particulars of any statement on which the prosecution intends to rely. The state responded that the statements were set out in detail in the reports referenced in its notice, which defendant had received, and the trial court overruled defendant's objection. Later, when the state called B's mother, defendant renewed his objection on the same grounds.

In turn, the defense attempted to discredit B's allegations. During the cross-examination of B, defendant emphasized that B had not disclosed the alleged abuse for two years, and then only after she believed that she shared a common experience with her friend, M. Defendant also testified on his own behalf, admitting that his feelings towards B were inappropriate but insisting that he had never acted on those feelings. When asked about the recorded phone call, defendant acknowledged that it reflected his

sexual attraction towards B but said that he had had trouble hearing B and was confused as to the precise subject matter of the conversation, and he noted that he had not unequivocally admitted during the phone call that he had inappropriately touched B.

The trial court convicted defendant of one count of first-degree sexual abuse. The court explained that its decision was principally based upon the credibility and corroboration of B's testimony. The court found B clear, consistent, and convincing, and it noted that her testimony was corroborated by others. As to defendant, the court found defendant's testimony much less convincing and his explanation of the phone call to be inconsistent with the recorded conversation.

On appeal, relying on *Olsen* and *State v. Chase*, 240 Or App 541, 248 P3d 432 (2011), defendant contends that the state's notice to rely on hearsay under OEC 803(18a)(b) was insufficient. In response, the state makes three alternative arguments. First, the notice satisfied the requirements of OEC 803(18a)(b), as explained in *Olsen* and *Chase*. Second, any deficiency in the notice was harmless. And third, the contested statements were admissible in any event under OEC 801(4)(a)(B) as prior consistent statements. For the reasons explained below, we conclude that the state's notice was insufficient and that the trial court's error in admitting B's hearsay statements requires reversal. Accordingly, we do not address defendant's sentencing argument.

We first reject the state's argument, as an alternative basis of affirmance, that the contested statements are admissible under OEC 801(4)(a)(B), which provides that a witness's prior out-of-court statement is not hearsay if it is consistent with the witness's trial testimony and offered to rebut a charge of recent fabrication. The state argues that B's statements to her mother and Echeverria are admissible to rebut the defense's implied charge that B fabricated her account of the abuse in order to promote a relationship with M. However, because B first disclosed the alleged abuse to M, B's later statements to her mother and to Echeverria cannot rebut that implied charge of fabrication because they were made after the alleged motive to fabricate arose. *See*

*Keys v. Nadel*, 325 Or 324, 328, 937 P2d 521 (1997) ("Only those prior consistent statements that were made before the alleged motive to fabricate arose are admissible under [OEC 801(4)(a)(B)]." (Internal quotation marks omitted.)).

Turning to defendant's arguments, we conclude that the state's notice was insufficient under OEC 803(18a)(b). We recently explained that the

> "rule's requirement that the proponent identify the particulars of the statement requires at a minimum that the state identify in its notice the substance of the statement sought to be introduced and also identify the witness or the means by which the statement would be introduced."

*Chase*, 240 Or App at 546-47. The state argues that the substance of B's statements is clear by reference to the victim and the particular reports in which the statements could be found and to the individuals to whom the statements were made. The state might be correct that the substance of the statements is clear, but it is not possible for us to determine whether that is so: the referenced reports were not before the trial court when it admitted the hearsay and are not part of the record on appeal. Further, nothing in the record shows how many reports were produced or how many statements B made to any of the listed individuals. Thus, even assuming that the state conceivably could satisfy the requirements of OEC 803(18a)(b) through reference to reports, it did not establish a basis on which to do so here. Accordingly, admission of B's hearsay statements was in error.

We turn to whether the trial court's error in admitting the contested statements was harmless. An error is harmless only when there is little likelihood that it affected the verdict. *State v. Klein*, 352 Or 302, 314, 283 P3d 350 (2012). In the absence of overwhelming evidence of guilt, we have held that where, as here, erroneously admitted hearsay evidence significantly reinforces the declarant's testimony at trial, the admission of those statements constitutes error requiring reversal of the defendant's conviction, *State v. Iverson*, 185 Or App 9, 16, 57 P3d 953 (2002), *rev den*, 335 Or 655 (2003), and we conclude that reversal is required here.

The state encourages us to focus our analysis on the practical effects of its failure to provide the particulars of B's statements in its notice to defendant. It argues that defendant has failed to demonstrate how he was harmed by that failure, specifically noting that the admitted hearsay testimony duplicated B's testimony and that the defendant was fully aware of the nature of B's statements to Echeverria. However, our task is to determine whether the *trial court's* error—the admission of the statements—was harmless. Thus our analysis focuses on whether there was little likelihood that the erroneously admitted evidence affected the verdict, not on whether defendant could have ascertained the substance of the contested statements despite the state's inadequate notice. *See, e.g., State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987).

Given that framework, we cannot conclude that there was little likelihood that the improperly admitted hearsay statements affected the verdict in this case. B's statements to Echeverria were some of the first that she made concerning the alleged abuse, thus reinforcing her testimony at trial. *See Iverson,* 185 Or App at 16. The state emphasized the significance of those statements in its closing arguments, noting the consistency between B's account of the alleged abuse during her CARES evaluation and her testimony during trial. As the factfinder, the trial court explained that its verdict rested on the credibility and corroboration of B's testimony, and the improperly admitted hearsay evidence bore directly on both. Accordingly, we hold that the admission of B's statements to Echeverria was error that requires reversal of defendant's conviction.

Reversed and remanded.