Argued and submitted June 26, 2013, convictions for unlawful use of a weapon, ORS 166.220(1)(a), menacing, ORS 163.190, and attempted first-degree sexual abuse, ORS 163.427, reversed and remanded; otherwise affirmed April 30, 2014

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JUAN VILLANUEVA-VILLANUEVA,
*Defendant-Appellant.*

Washington County Circuit Court
C101144CR; A147918

325 P3d 783

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jamie K. Contreras, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Edmonds, Senior Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant appeals a judgment of conviction for unlawful use of a weapon, ORS 166.220(1)(a), menacing, ORS 163.190, attempted first-degree sexual abuse, ORS 163.427, and fourth-degree felony assault, ORS 163.160(3). Defendant raises 14 assignments of error relating to the prosecutor's comment on defendant's behavior at trial, the admission of hearsay statements by the victim, and the nonunanimous jury. We write only to address defendant's assignments of error pertaining to the trial court's admission of hearsay statements that the state offered to rehabilitate the victim's testimony under OEC 801(4)(a)(B). The state concedes that the trial court erred in admitting the hearsay statements, but argues that any error was harmless. We conclude that, with the exception of defendant's conviction for fourth-degree felony assault, the error was not harmless, and, therefore, we reverse and remand defendant's remaining convictions.

Because the jury convicted defendant, we state the facts in the light most favorable to the state. *State v. Hale*, 335 Or 612, 614, 75 P3d 448 (2003), *cert den*, 541 US 942 (2004). However, in assessing whether the admission of hearsay testimony was error, and, whether an erroneous admission was harmless, "we describe and review all pertinent portions of the record, not just those portions most favorable to [the state]." *State v. Eckert*, 220 Or App 274, 276, 185 P3d 564, *rev den*, 345 Or 175 (2008). Therefore, we begin by reciting, in the light most favorable to the state, the evidence that supports the convictions, but then describe any additional contested evidence that factors into our harmless error inquiry.

Defendant and the victim were married in Mexico and have three children together. At the time of the events, defendant had legal immigration status but the victim did not. Defendant has a history of domestic violence against the victim, resulting in a prior assault conviction in 2004. In this case, defendant was convicted on counts related to two separate domestic violence incidents in 2009 and 2010.

In June 2009, defendant came home from work, and he and the victim argued. During the argument, defendant

took pruning shears and placed them against the victim's fingers, threatening to cut them off. When one of their children intervened, defendant stopped. Related to that incident, the jury found defendant guilty of unlawful use of a weapon and menacing. Soon after that incident, the victim moved herself and her children into a domestic violence shelter. She also obtained a restraining order against defendant.

In May 2010, the victim was moving into the apartment of a mutual friend of defendant and the victim. When the victim arrived at the apartment, defendant was sitting on the couch. The victim believed that defendant would leave because she still had a restraining order against him, so she went into her room and lay down. Defendant followed her into the room and began caressing her and trying to take off her pants. When the victim refused to have sex with defendant, they began arguing. Defendant, through his trial counsel, admitted at trial that during the argument, he struck the victim in the face. Related to that incident, the jury found defendant guilty of attempted first-degree sexual abuse and fourth-degree felony assault.

To impeach the victim's testimony, defendant put on testimony of friends and relatives who knew both defendant and the victim. Those witnesses testified that, around June 2009 or before, the victim told them that she could get "immigration paperwork," that is, legal immigration status, if defendant were convicted of domestic violence crimes against her and suggested to them that she had lied about allegations in her restraining order application against defendant. Certain defense witnesses also testified that they had seen defendant and the victim together on several occasions after the victim obtained the restraining order and that the victim said that she wanted to get back together with defendant.

To rehabilitate the victim's testimony, the state offered the testimony of six witnesses—two police officers, two child protective services workers with the Department of Human Services (DHS), and two individuals connected with a domestic violence support group—concerning statements the victim had made to them about the domestic violence incidents. Defendant objected based on hearsay. The

state contended that the testimony was admissible as non-hearsay under OEC 801(4)(a)(B)[1] to rebut defendant's theory that the victim had concocted the allegations to gain legal immigration status. The victim, however, made all of the challenged hearsay statements after June 2009, the time at which, defendant asserted, the victim expressed a motive to fabricate the incidents of domestic violence. Defendant argued that the hearsay statements were inadmissible as prior consistent statements because that rule applies only when the prior consistent statements are made before the alleged motive to fabricate arises. The trial court admitted the statements as prior consistent statements under OEC 801(4)(a)(B), based on its view that the motive to fabricate may have arisen later than June 2009, and, alternatively, as excited utterances under OEC 803(2).[2]

On appeal, however, the state concedes that the trial court erred in admitting the challenged hearsay statements as prior consistent statements and as excited utterances. The facts do not support admissibility of the statements as excited utterances, and we accept the state's concession that, given when the victim's alleged motive to fabricate arose, her statements were not admissible under OEC 801(4)(a)(B). *See Keys v. Nadel*, 325 Or 324, 328, 937 P2d 521 (1997) (citing *Powers v. Officer Cheeley*, 307 Or 585, 771 P2d 622 (1989)) ("Only those prior consistent statements that were made 'before the alleged motive to fabricate arose' are admissible under the rule."). The victim admitted on cross-examination that she wanted the immigration "papers," and several of defendant's witnesses provided unrebutted testimony that the victim made statements about getting the immigration paperwork as early as

---

[1] OEC 801(4)(a)(B) provides:

"A statement is not hearsay if:

"(a) The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

"* * * * *

"(B) Consistent with the testimony of the witness and is offered to rebut an inconsistent statement or an express or implied charge against the witness of recent fabrication or improper influence or motive[.]"

[2] OEC 803(2) provides that "[t]he following are not excluded by [OEC 802], even though the declarant is available as a witness: * * * A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

June 2009. Although at first the victim denied making such statements to the other witnesses, she ultimately stated on cross-examination that she did not remember.

The state nonetheless argues that we should not reverse and remand this case for a new trial because the error was harmless. We turn now to that contention.

An error is harmless only if there is little likelihood that the error affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). The state asserts that the trial court's error in admitting the hearsay statements was harmless because the fact that the victim made the statements to all the different witnesses was consistent with defendant's theory that the victim was fabricating the domestic violence incidents so that she could obtain legal immigration status. The state also pointed out at oral argument that defendant had admitted assaulting the victim and, thus, any error could not have affected the jury's verdict on the felony assault count.

We agree with the state only with respect to defendant's conviction for fourth-degree felony assault. With regard to that count, defense counsel told the jury in opening statement and in closing argument that defendant admitted hitting the victim in the face in May 2010, and a police officer testified that, during an interview, defendant admitted that he had slapped the victim in the face. Additionally, during closing argument, defense counsel told the jury, "[defendant] is guilty of Felony Assault * * *, having previously been convicted of Assault." Based on defendant's admissions, the trial court's error in admitting the victim's hearsay statements had little likelihood of affecting the verdict on the count for fourth-degree felony assault.

We conclude, however, that the trial court's error with regard to defendant's remaining convictions was not harmless. As we recently discussed in *State v. Wood*, 253 Or App 97, 101, 289 P3d 348 (2012),

> "[i]n the absence of overwhelming evidence of guilt, we have held that where, as here, erroneously admitted hearsay evidence significantly reinforces the declarant's testimony at trial, the admission of those statements constitutes error requiring reversal of the defendant's conviction."

Likewise, here, there was no overwhelming evidence of guilt for defendant's convictions for unlawful use of a weapon, menacing, and attempted first-degree sexual abuse.

The state's case largely depended on the victim's credibility, as admitted by the state during closing argument. However, at trial, the victim had difficulty recalling details of the domestic violence incidents and had to rely on prior reports she had made to refresh her memory. The state also had called defendant's and the victim's nine-year-old daughter, who testified that defendant had tried to cut the victim's fingers with scissors. However, she admitted that, before testifying, she had discussed with the victim how to answer the questions. The victim's out-of-court statements about the incidents that she made to police officers, DHS workers, and friends from the support group were used by the state to significantly bolster the victim's testimony and were highlighted by the state in its closing argument. Additionally, the jury was not unanimous on the convictions for attempted sexual abuse, and it acquitted defendant of several other counts—including four counts arising from the same two incidents as his convictions—signaling that the jury did not completely believe the victim's testimony. Based on this record, we conclude that the trial court's admission of the victim's hearsay statements did likely affect the jury's verdict, and, therefore, we reverse and remand defendant's convictions for unlawful use of a weapon, ORS 166.220(1)(a), menacing, ORS 163.190, and attempted first-degree sexual abuse, ORS 163.427.

We do not address the merits of defendant's assignments of error pertaining to comments the state made during closing argument, because we reverse and remand all convictions except for felony assault and the issue is unlikely to arise again on remand. And, because defendant admitted that he committed felony assault, any error in allowing the state's comments in closing argument was unlikely to have affected the verdict on that count. We also reject without discussion defendant's remaining assignments of error pertaining to nonunanimous jury verdicts. *State v. Cobb*, 224 Or App 594, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009).

Convictions for unlawful use of a weapon, ORS 166.220(1)(a), menacing, ORS 163.190, and attempted first-degree sexual abuse, ORS 163.427, reversed and remanded; otherwise affirmed.