Argued and submitted February 22, 2013, reversed and remanded July 2, 2014

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ROBERTO HERNANDEZ-FABIAN,**
*Defendant-Appellant.*

Washington County Circuit Court
C100923CR; A146372

330 P3d 675

Meredith Allen, Senior Deputy Public Defender, argued the cause for appellant. On the opening brief were Peter Gartlan, Chief Defender, and Ryan T. O'Connor, Senior Deputy Public Defender, Office of Public Defense Services. With her on the reply brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Laura S. Anderson, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427. He assigns error to the trial court's admission under OEC 803(18a)(b) of hearsay statements about the abuse, arguing that the state failed to provide adequate notice of its intention to offer the statements at trial. For the reasons that follow, we reverse defendant's convictions and remand for a new trial.

Because the jury convicted defendant, we state the facts in the light most favorable to the state. *State v. Villanueva-Villanueva*, 262 Or App 530, 531, 325 P3d 783 (2014). However, in assessing whether the admission of hearsay evidence was error and, if so, whether the error was harmless, we review all pertinent portions of the record. *See State v. Eckert*, 220 Or App 274, 276, 185 P3d 564, *rev den*, 345 Or 175 (2008).

Defendant met the victim, S, a 13-year-old girl, through his brother, who was dating S's older sister. After attending a family birthday party, defendant and S were riding in a van driven by defendant's brother's girlfriend. The group stopped at a fast-food restaurant, and defendant's brother and the brother's girlfriend went into the restaurant. Defendant, S, and two younger children remained in the van. Defendant, who is 27 years old, climbed into the back seat of the van, where S was sitting, and twice touched S on her breast, once with his hand and once by kissing her.

Approximately one month later, S disclosed the touching to her sisters and mother. The family contacted the Washington County Sheriff's Office, which referred S to CARES Northwest, a child-abuse-assessment center. In addition, and at the behest of the Washington County Sheriff's Office, S made a recorded, pretext phone call to defendant asking him if he remembered touching and kissing her and why he had done that.

Thereafter, two deputy sheriffs interviewed defendant, who admitted touching S, albeit playfully, when the group stopped at the restaurant to get food. Defendant explained that he had been sitting in front of S during the van ride, and S, as well as another child, were playfully

kicking the back of defendant's seat and tickling him on his neck. Defendant told the deputies that he had climbed into the back seat to tickle S.

Defendant was indicted on four counts of first-degree sexual abuse, ORS 163.427.[1] As the case proceeded to trial, the state produced three batches of discovery documents to defendant, consisting of a number of police reports and a report prepared by CARES. In total, the state produced 91 pages of documents. Each batch of documents was accompanied by a cover sheet that was titled "**CHILD ABUSE** PRE-TRIAL DISCOVERY AND HEARSAY NOTICE," and that stated, among other things:

> "**OEC 803(18a)(b) CHILD HEARSAY NOTICE

> THIS IS OUR NOTICE AND PRODUCTION PURSUANT TO OEC 803(18a)(b) OF OUR INTENT TO OFFER AT TRIAL ALL STATEMENTS FROM CHILD DECLARANTS CONCERNING ACTS OF CHILD ABUSE WHICH ARE PRESENT IN THE ABOVE-REFERENCED DISCOVERY

> "* * * * *

> "WITNESS NOTICE

> THE STATE RESERVES THE RIGHT TO CALL AS WITNESSES ALL PERSONS NAMED AND TO OFFER INTO EVIDENCE ALL ITEMS MENTIONED IN THE ABOVE-REFERENCED DISCOVERY"

OEC 803(18a)(b), through which the state intended to offer S's hearsay statements, provides, as relevant:

> "A statement made by a person concerning an act of [sexual] abuse * * * is not excluded by [OEC 802] if the declarant either testifies at the proceeding and is subject to cross-examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made[.] * * * *No statement may be admitted under this paragraph unless the proponent of the statement makes known to the adverse party the proponent's intention*

---

[1] In addition to the two instances of touching S's breasts for which defendant was convicted, S had reported that defendant had touched her breast a third time while the van was parked at the restaurant. She had also reported that, during the ride home, defendant had reached into the back seat and touched her on the outside of her clothes in the area of her vagina. The jury acquitted defendant of charges that were based on the latter two reports.

*to offer the statement and the particulars of the statement no later than 15 days before trial, except for good cause shown."*

(Emphasis added.)

Defendant filed a motion *in limine* seeking to exclude S's hearsay statements from the trial. Defendant contended that the discovery cover sheets were insufficient to comply with the 15-day notice requirement in OEC 803(18a)(b) and that a separate notice that the state had filed 14 days before trial was untimely. Relying on the cover sheets that the state had attached to the discovery documents, the trial court denied defendant's motion. The court concluded that, because the particulars of the statements that the state intended to offer were clear in light of an examination of the discovery documents, the state had fulfilled its obligations under OEC 803(18a)(b). At trial, the state played a video-taped recording of S's interview at CARES, and defendant renewed his objection to its admission based on the state's failure to comply with the notice requirements in OEC 803(18a)(b).

On appeal, defendant renews his arguments on the admissibility of S's hearsay statements. Relying on *State v. Chase*, 240 Or App 541, 546-47, 248 P3d 432 (2011), defendant contends that the state was required, at a minimum, to identify "the substance of the statement sought to be introduced and also [to] identify the witness or the means by which the statement would be introduced." The state, in turn, argues that the discovery cover sheets sufficiently identified the particulars of the statements that it intended to introduce. In so arguing, the state emphasizes that defendant was, in fact, aware of the statements that he seeks to exclude. Alternatively, the state argues that the statements in the CARES interview were admissible under OEC 803(4) as statements made for the purpose of medical diagnosis or treatment.

We review for legal error whether the trial court erred in concluding that the state had satisfied the notice requirement in OEC 803(18a)(b). *State v. Leahy*, 190 Or App 147, 151, 78 P3d 132 (2003). A notice of an intention to offer hearsay evidence under OEC 803(18a)(b) does not satisfy the particularity requirement of the rule if the notice fails

to identify the specific statements that the state intends to offer. *State v. Bradley*, 253 Or App 277, 282, 290 P3d 827 (2012). Similarly, merely providing discovery materials that contain the statements does not comply with the requirements of OEC 803(18a)(b)—even when the discovery is accompanied by a cover sheet providing a general notice of the state's intent to offer "all of the victim statements regarding the defendant's criminal acts" that are contained in the discovery. *State v. Edblom*, 257 Or App 22, 24, 31, 303 P3d 1001 (2013) (concluding that "general written notice and discovery are not sufficient, alone or together, to provide notice" under OEC 803(18a)(b)). Instead, the rule "requires at a minimum that the state identify in its notice the substance of the statement sought to be introduced and also identify the witness or the means by which the statement would be introduced." *Chase*, 240 Or App at 546-47.

Here, the state's notice did not meet that standard. Leaving aside the issue of the statements' particulars, the state's notice did not identify, for example, whether S's statements would be offered through the video recording of her CARES interview, through the testimony of the CARES staff member who had conducted the interview, or through the testimony of law enforcement officers who had observed the interview while it was being conducted. That defendant was, ultimately, aware of the statements and their substance does not compensate for the state's failure to comply with the notice requirements in OEC 803(18a)(b). *Cf. State v. Wood*, 253 Or App 97, 102, 289 P3d 348 (2012) (noting that, although defendant was ultimately aware of substance of hearsay statements admitted under OEC 803(18a)(b), state failed to comply with notice requirement and admission of statements was not harmless). It follows that the court erred in admitting S's hearsay statements under OEC 803(18a)(b).

The state contends that the video recording of S's CARES interview was nonetheless admissible under OEC 803(4), because the statements in the interview were made for purposes of medical diagnosis or treatment.[2] In support

---

[2] OEC 803(4) provides that OEC 802, the rule that generally proscribes the admission of hearsay evidence, does not exclude

of that argument, the state points to the testimony of the CARES staff member who had conducted the interview of S. The staff member described CARES as a medically based clinic and explained that "children [who] come to CARES are coming for a medical exam and interview, and the interview is part of the medical exam." Accordingly, the state contends that there was evidence to support a conclusion that the statements that S made in her CARES interview were made for purposes of medical diagnosis or treatment. Thus, the state contends that we should affirm the trial court's admission of the CARES interview on the ground that OEC 803(4) provides an alternative basis for the admission of the interview.

We may affirm a ruling of a trial court, even if the legal reasoning on which the ruling is based is erroneous, if other legal reasoning supports the same ruling and, if the question presented is not purely one of law, (1) the evidence in the record is sufficient to support the proffered alternate basis to affirm the ruling; (2) the trial court's ruling is consistent with the view of the evidence under the alternative basis; and (3) the record is materially the same as would have been developed had the prevailing party raised the alternative basis for affirmance below. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001).

To be admissible under OEC 803(4), a statement must, among other things, be "made for purposes of medical diagnosis or treatment." *E.g.*, *State ex rel Juv. Dept. v. Pfaff*, 164 Or App 470, 480, 994 P2d 147 (1999), *rev den*, 331 Or 193 (2000) (citing *State v. Moen*, 309 Or 45, 55, 786 P2d 111 (1989)). "[T]he declarant's motive in making the statement to the medical provider must be to promote treatment or diagnosis." *State v. Newby*, 97 Or App 598, 601, 777 P2d 994, *rev den*, 308 Or 660 (1989). The trial court determines, in the first instance, "whether a preponderance of the evidence supports a finding that a statement meets [the] requirements under OEC 803(4)." *State v. Booth*, 124 Or App 282,

"[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the case or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

286, 862 P2d 518 (1993), *rev den*, 319 Or 81 (1994). Given those foundational predicates, defendant argues that we cannot affirm the trial court's admission of S's statements in the CARES interview on the ground that they were admissible under OEC 803(4). We agree.

The state is correct that, *had the trial court determined* that S's hearsay statements were made for purposes of medical diagnosis or treatment, there might be sufficient evidence in the record to support that finding. *See Dept. of Human Services v. J. G.*, 258 Or App 118, 124, 308 P3d 296 (2013) ("We will affirm the trial court's ruling if there is evidence in the record from which the court could have found by a preponderance of the evidence that a child's statements were made for the purposes of medical diagnosis or treatment."). However, the state did not seek to admit S's statements under OEC 803(4), and, hence, the trial court was not asked to and did not determine that she had made her statements for the purpose of medical diagnosis or treatment. In the absence of that determination, we cannot say that the trial court properly admitted S's statements under OEC 803(4). *Cf., e.g., State v. Mayer*, 146 Or App 86, 95, 932 P2d 570 (1997) ("In the absence of [required predicate factual] findings, we cannot say that the trial court properly admitted child's [hearsay] statements."); *State v. Renly*, 111 Or App 453, 468, 827 P2d 1345 (1992) (same). Further, had the state raised OEC 803(4) at the hearing on defendant's motion *in limine* as a basis to admit the CARES interview, then defendant would have had the opportunity to dispute the foundational requirements for admission under that rule and, thereby, to develop a record materially different from the record that is before us on appeal. Accordingly, we reject the state's alternative argument in support of the admission of S's statements.

Finally, the state argues that, because defendant admitted to touching S, albeit playfully, the substance of the hearsay statements was duplicative of defendant's own admissions and, therefore, that any error in admitting those statements was harmless. An error is harmless only when there is little likelihood that it affected the verdict. *State v. Klein*, 352 Or 302, 314, 283 P3d 350 (2012). "In the absence of overwhelming evidence of guilt, we have held that where,

as here, erroneously admitted hearsay evidence significantly reinforces the declarant's testimony at trial, the admission of those statements constitutes error requiring reversal of the defendant's conviction." *Wood*, 253 Or App at 101 (citing *State v. Iverson*, 185 Or App 9, 16, 57 P3d 953 (2002), *rev den*, 335 Or 655 (2003)).

As the state notes, given defendant's explanation of his conduct, the sole issue for the jury was whether defendant's purpose in touching S's breast was sexual or, as defendant argued, playful. The only evidence bearing on that issue was the competing testimony of defendant and of S. In its closing argument, the state relied on S's hearsay statements to support an inference that defendant's purpose was sexual—referring both to the consistency of S's statements over time, as an indication of her credibility, and to her demeanor during the CARES interview. Given that emphasis, and given that the jury acquitted defendant on two of the four counts of sexual abuse, we cannot conclude that the erroneously admitted evidence had little likelihood of affecting the jury's verdict.

Reversed and remanded.