JAMES, J.
*276 Defendant appeals a judgment of conviction for the offense of application of a Schedule II controlled substance to the body of another person, ORS 475.910 ; attempted *151 sexual abuse in the first degree, ORS 163.427 ; attempted assault in the second degree, ORS 163.175 ; unlawful use of a weapon, ORS 166.220(1)(A) ; assault in the fourth degree, ORS 163.160 ; and menacing, ORS 163.190. On appeal, defendant raises three assignments of error. We reject the first and third without discussion, and write only to address his second assignment of error. There, he challenges the trial court's admission of a videotaped CARES interview with the declarant. Defendant argues that the videotaped statements were hearsay and did not qualify for admission under OEC 803(4), the hearsay exception for statements made for the purposes of medical diagnosis or treatment. Furthermore, defendant argues that admitting the videotaped statements was not harmless. In response, the state contends that defendant did not properly preserve his argument for appeal, but, nevertheless, that the videotaped statements were properly admitted under OEC 803(4). For the reasons explained below, we reverse and remand.
"Whether a statement satisfies the requirements of OEC 80[3(4) ] is a preliminary question of fact for the trial court." Dept. of Human Services v. J. G. , 258 Or. App. 118, 123, 308 P.3d 296 (2013). "[A]s with any other foundational fact, the declarant's motivation must be determined on a case-by-case basis by reference to the circumstances under which those statements were made." Id. at 123-24, 308 P.3d 296 ; see also State v. Barkley , 315 Or. 420, 424, 846 P.2d 390 (1993). "We will affirm the trial court's ruling if there is evidence in the record from which the court could have found by a preponderance of the evidence that a [declarant's] statements were made for the purposes of medical diagnosis or treatment." J. G. , 258 Or. App. at 124, 308 P.3d 296 ; see also State ex rel. Juv. Dept. v. Pfaff , 164 Or. App. 470, 494, 994 P.2d 147 (1999). "However, in assessing whether the admission of hearsay evidence was error and, if so, whether the error was harmless, we review all pertinent portions of the record."
*277 State v. Hernandez-Fabian , 264 Or. App. 26, 27, 330 P.3d 675 (2014). Thus, we review the facts in accordance with that standard.
The case before us arises from allegations that defendant, uncle to the declarant and brother to the declarant's father, threatened the declarant, attempted to pull her pants down, punched her, and chased her father around with a knife. The declarant, almost 16 years old, called 9-1-1 twice during the night of the alleged incidents. Two police officers responded to the remote family property, arrested defendant, and referred the declarant to CARES for assessment.
At trial, the state argued that defendant, the declarant, and her father were part of a "very dysfunctional family" altercation and it was only after the declarant was interviewed by the CARES forensic interviewer that defendant's alleged drug use with the declarant came to light. Both the declarant and the CARES forensic interviewer, Samantha Fenner, testified at trial. The state moved to admit Fenner's videotaped interview with the declarant at the CARES facility, reciting OEC 803(4), the hearsay exception for statements made for the purposes of medical diagnosis or treatment. Defendant objected, arguing that the videotaped statements were hearsay and did not qualify under the OEC 803(4) exception. The trial court allowed the video to be played for the jury and it was admitted into evidence.
On appeal, defendant argues that the trial court erred in admitting the videotaped CARES interview, because the evidence does not support a finding that the declarant's statements to CARES were motivated by the purposes of medical diagnosis or treatment. The state responds, initially, that the error is not preserved. According to the state, defendant's argument on appeal is "qualitatively different" from his pretrial challenge to the videotaped statements, which advanced a more categorical challenge to whether statements to CARES can ever fit within OEC 803(4).
The state's argument parses the issues too thinly. See *278 State v. Clemente-Perez , 357 Or. 745, 752, 359 P.3d 232 (2015) (noting "that problems may arise if the preservation onion is sliced too thinly" (internal quotation marks omitted)). The state offered the videotaped statements on the ground that they satisfied the hearsay exception in OEC 803(4), because *152 the declarant "went to CARES for them to check her for medical purposes." Defendant disputed whether the statements fell within that hearsay exception, given the nature of a CARES investigation, including that they "apply no treatment at CARES" and are assisting a criminal investigation.
Defendant's broad, categorical objection is understandable given that, the day before trial, the state had added numerous charges to the case, and the record reflects that at the arraignment on those charges, defense counsel had not yet been provided with the CARES video. Given those circumstances, the issue that defendant raises on appeal-whether the declarant's statements to CARES were for the purposes of medical diagnosis within the meaning of OEC 803(4) -was fairly encompassed within the parties' arguments below, and the principles of preservation were adequately served on this record. See Clemente-Perez , 357 Or. at 753, 359 P.3d 232 ("Although defendant may not have presented his argument with perfect clarity, we conclude that he provided sufficient information to enable the prosecutor to respond and for the trial court to consider the argument and correct any error."); State v. Walker , 350 Or. 540, 550, 258 P.3d 1228 (2011) ("The fact that the level of detail or thoroughness with which a party articulates a position may leave something to be desired does not mean that it was insufficient to serve the rule of preservation's pragmatic purposes."); Gadda v. Gadda , 341 Or. 1, 7, 136 P.3d 1099 (2006) (concluding that the appellant had sufficiently preserved alternative arguments that were "encompassed by th[e] broader legal issue" raised below, where the same "sources of law are at issue in both arguments").
Turning to the merits of defendant's second assignment of error, the hearsay exception at issue, OEC 803(4), provides an exception for out-of-court
"[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or *279 present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."
Historically, Oregon courts have admitted hearsay statements "made to a person for the purpose of diagnosis or treatment in view of the declarant's strong motivation to be truthful." State v. Moen , 309 Or. 45, 54, 786 P.2d 111 (1990) (relying on Legislative Commentary to OEC 803(4), reprinted in Laird C. Kirkpatrick, Oregon Evidence , 361 (1982)) (internal quotation marks omitted). "The rationale underlying this exception is that the patient's desire for proper treatment or diagnosis outweighs any motive to falsify." Laird C. Kirkpatrick, Oregon Evidence § 803.04[3][a], 796 (6th ed. 2013). "To qualify for admissibility under this rule, it is not enough that the declarant made the statement with an intent to facilitate medical diagnosis or treatment. The statement must in fact be reasonably pertinent to diagnosis or treatment." Kirkpatrick, Oregon Evidence § 803.04[3][b] at 797.
In Moen , the Oregon Supreme Court relied on a Massachusetts Supreme Court case to illustrate the historical application of "the admission of declarations related to pain and suffering in cases where the statements were made for the purpose of medical treatment or diagnosis":
"Its admissibility is an exception to the general rule of evidence, which has its origin in the necessity of the case * * *. To the argument against their competency founded on the danger of deception and fraud, the answer is that such representations are competent only when made to a person of science and medical knowledge, who has the means and opportunity of observing and ascertaining whether the statements and declarations correspond with the condition and appearance of the persons making them, and the present existing symptoms which the eye of experience and skill may discover. Nor is it to be forgotten that statements made to a physician for the purpose of medical advice and treatment are less open to suspicion than the ordinary declarations of a party. They are made with a view to be acted on in a matter of grave personal concernment, in relation to which the party has a strong and direct interest to adhere to the truth ."
*153 *280 309 Or. at 63, 786 P.2d 111 (relying on Barber v. Merriam , 11 Allen 322, 325, 93 Mass. 322 (1865) ) (emphasis added).[1]
In light of the historical rationale for the exception, the Oregon Supreme Court has stated that, in order for hearsay to qualify under the exception and be deemed admissible, the statement must meet a conjunctive, three-prong test. Barkley , 315 Or. at 424, 846 P.2d 390. First, the statement must be made for purposes of medical diagnosis or treatment. Id. Second, the statement must describe or relate medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof. Id. Finally, the statement must be reasonably pertinent to diagnosis or treatment. Id.
In order to determine whether OEC 803(4) 's three requirements are met, the court must look to the declarant's motivation. "[T]he declarant's motive in making the statement to the medical provider must be to promote treatment or diagnosis." Pfaff , 164 Or. App. at 482, 994 P.2d 147. As noted above, "the declarant's motivation, which is the touchstone of reliability, must be assessed by the court on a case-by-case basis." Id. "Thus, the issue is not whether the treating therapist who heard [the declarant's] statements possesses certain credentials. The issue is whether the statements meet the three requirements." State ex rel Juv. Dept. v. Cornett , 121 Or. App. 264, 270, 855 P.2d 171 (1993), rev. dismissed as improvidently granted , 318 Or. 323, 865 P.2d 1295 (1994).
On review of the record, the parties both agree that there is evidence in the record of the second and third predicate elements set out in OEC 803(4). It is clear, on this record, that the statements made to CARES related a *281 history and a series of incidents that the CARES interviewer interpreted, as any objective listener would, as indicative of abuse. Likewise, there is evidence that those statements would reasonably be relied upon by the CARES interviewer to arrive at an action plan that would include recommendations for treatment.
However, those two prongs alone are insufficient to establish a hearsay exception under OEC 803(4). The three prongs are conjunctive , and each must be met before the evidence can be admitted under the exception. The central issue in this case, then, is whether there is sufficient evidence in the record for the trial court to conclude, by a preponderance of the evidence, that the declarant offered her statements to CARES for the purposes of medical diagnosis or treatment. We conclude that there is no evidence in the record from which the trial court could have done so.
On this record, the evidence established that the declarant did not subjectively believe herself to be at CARES, or providing statements to CARES, to obtain medical services. In fact, on this record, the evidence established that the declarant did not want to be at CARES or to obtain any services from them, let alone medical treatment. The following two parts of the record are particularly illustrative of the declarant's subjective belief that she was speaking with CARES because of a criminal investigation and not for the purposes of medical diagnosis or treatment. The first illustration happened when the declarant was asked by the CARES interviewer, "What brought you to our clinic today?" The declarant responded, "A bunch of BS really." After some small talk, the CARES interviewer asked the declarant what happened the night of the alleged incidents. The declarant explained that defendant had relapsed and that he was drinking, had become upset, and got into a fight. The declarant stated, "[T]he only reason I called the cops is because I wanted to *154 help him." She continued, "If I knew it wouldn't have helped him I wouldn't have called the cops."
Later, the CARES interviewer asked the declarant about her interaction with the police as a result of this incident. The declarant unequivocally expressed her belief that the CARES interview was part of the criminal investigation, *282 and an attempt to get her to change her story. She stated, "I don't care if I have to talk to people. * * * But having to repeat the same thing over and over. It's because people want me to change my story." The CARES interviewer asked the declarant, "Is that what you think about coming here, that people are trying to see if you're changing your story?" The declarant replied, "That's what I know about coming here."
In light of that evidence, our conclusion in this case is not to imply that the subjective intent of the declarant is dispositive in all instances. In the case of small children, for example, circumstantial evidence may provide "sufficient evidence to infer 'that the child understood she was undergoing a medical examination * * * [when considering the child's] answers to the doctor's specific questions.' " Kirkpatrick, Oregon Evidence § 803.04[3][c] at 798 (citing State v. Booth , 124 Or. App. 282, 287, 862 P.2d 518 (1993), rev. den. , 319 Or. 81, 876 P.2d 783, cert. den. , 513 U.S. 953, 115 S.Ct. 372, 130 L.Ed.2d 323 (1994) ); see also Barkley , 315 Or. at 424, 846 P.2d 390 ("Whether a declarant made statements for the purposes of medical diagnosis or treatment must be determined by reference to the circumstances in which [the declarant's] statements were made.").
In State v. Logan , we noted:
"Admissibility of the videotaped interview presents a closer question under OEC 803(4). The child told [the interviewer] essentially the same thing that she had told the doctor, so the videotaped statements met the second requirement [of source or cause]. The statements also met the third requirement, because [the doctor] testified that she relied on the statements in forming her diagnosis and recommending treatment. It is not as clear, however, that the statements met the first requirement, i.e. , that the child understood that her answers to [the interviewer's] questions were for the purposes of medical diagnosis or treatment. [The doctor] told the child that [the interviewer] needed to find out more about what had happened, but did not say why. On the other hand, [the doctor] did tell the child that [the interviewer] worked with [the doctor], and [the interviewer] conducted the interview in the same room that the doctor had used. Most importantly, [the interviewer] told the child that it was all right to talk about a penis when 'you're at the doctor's.' The trial court could conclude that the child knew that the interview was part of *283 her doctor visit and was motivated in answering the questions by a desire for medical diagnosis or treatment."
105 Or. App. 556, 561-62, 806 P.2d 137 (1991).
However, this case does not involve a small child, but an independent 16 year old. While we do not foreclose the possibility that even with a declarant of that age, circumstantial evidence may weigh more heavily in the mind of the court than the declarant's express statements, in this case, the trial court made no factual findings to that effect. Indeed, the record is unclear as to whether the court viewed the video prior to ruling on its admissibility.
Although the CARES interviewer may have had the subjective belief that her interview with the declarant was for the purposes of medical diagnosis or treatment, there is no evidence in this record that could support the finding that the declarant's intent was anything other than as she described. As she stated, she believed that she was brought to CARES because of "[a] bunch of BS" resulting from defendant's alleged crimes and that she subjectively believed that her prior, investigatory interviews related directly to her current interview at CARES. When the interviewer asked the declarant whether the declarant believed she was at CARES because people were trying to see if the declarant would change her story, the declarant responded, in no uncertain terms, "That's what I know about coming here." On this record, there is insufficient evidence to support a finding that the declarant's subjective belief about her statements to CARES was that those statements were for the purposes *155 of medical diagnosis or treatment. Rather, this record indicates that the declarant's subjective belief was that she was being interviewed at CARES because of an on-going criminal investigation. Thus, it was error to admit the evidence under OEC 803(4).
We also conclude that the error was not harmless. "An evidentiary error is harmless if there is little likelihood that the error affected the verdict." State v. Klein , 352 Or. 302, 314, 283 P.3d 350 (2012). "In the absence of overwhelming evidence of guilt, we have held that where, as here, erroneously admitted hearsay evidence significantly reinforces the * * * testimony at trial, the admission of those statements *284 constitutes error requiring reversal of the defendant's conviction." State v. Wood , 253 Or. App. 97, 101, 289 P.3d 348 (2012).
It is clear on this record that the trial court and the parties appreciated that the videotaped statements were an influential and important piece of evidence, which the jury watched and considered. The declarant's testimony at trial differed from what she stated in the videotape, and she disavowed her prior videotaped statements to CARES. Moreover, there was no additional, supporting evidence of drug use or paraphernalia collected at the scene, making the declarant's videotaped statements to the CARES interviewer the sole source of evidence for some of defendant's convictions.
The trial court erred in admitting the videotaped CARES interview because the statements were hearsay and did not qualify under the hearsay exception for statements made for the purposes of medical diagnosis or treatment, OEC 803(4).
Reversed and remanded.

Federal circuit courts similarly have explained that the policy undergirding this exception is historically recognized and multi-pronged:
"First, it is assumed that a patient has a strong motive to speak truthfully and accurately because the treatment or diagnosis will depend in part upon the information conveyed. The declarant's motive thus provides a sufficient guarantee of trustworthiness to permit an exception to the hearsay rule. Second, we have recognized that a fact reliable enough to serve as the basis for a diagnosis is also reliable enough to escape hearsay proscription."
United States v. Renville , 779 F.2d 430, 436 (8th Cir. 1985) (citing United States v. Iron Shell , 633 F.2d 77, 84 (8th Cir. 1980), cert. den. , 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981) ) (internal citations and quotation marks omitted).