Submitted March 23, 2022; conviction on Count 1 reversed and remanded, otherwise affirmed February 15, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELI F. RICHEY,
aka Eli Franklin Richey,
aka Eli Franklyn Richey,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR22885; A172435

525 P3d 476

Defendant challenges his conviction for fourth-degree assault, ORS 163.160. He assigns error to the trial court's exclusion of approximately 10 minutes of video that he recorded of himself attending a city council meeting just before city security personnel intervened and physical contact occurred. Defendant argues that he collided with the security manager by accident and that the excluded video clip is relevant to his state of mind which, in his view, was insufficient to support a fourth-degree assault conviction. The state counters that the clip is not relevant and that, in any event, a three-minute video of the incident itself was shown to the jury and the exclusion of the previous 10 minutes was harmless. *Held*: The trial court erred in excluding the video. A factfinder, after viewing the excluded clip along with the admitted clip, could reasonably have found that defendant was present at the public forum to exercise his free speech rights and that, at the moment of physical contact with the security manager, defendant was not aware of—and did not consciously disregard—a substantial and unjustifiable risk that she would be injured.

Conviction on Count 1 reversed and remanded; otherwise affirmed.

Thomas M. Ryan, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

MOONEY, P. J.

Conviction on Count 1 reversed and remanded; otherwise affirmed.

**MOONEY, P. J.**

Defendant attended a city council meeting in Portland and, as it ended, approached council members and others while recording himself with a camera mounted on a "selfie-stick." Defendant was loud, he used profane words, and he was distracting. City security personnel were present, and ultimately there was physical contact between defendant and others, including the city's security manager, E, who was injured in that process. A jury found defendant guilty of assault in the fourth degree (Count 1), ORS 163.160,[1] and he appeals from the judgment of conviction.[2]

Defendant assigns error to the trial court's exclusion of approximately 10 minutes of video that he recorded of himself at the meeting leading up to the event that is the factual basis of his assault conviction. More specifically, defendant argues that the excluded portion of the video depicts the minutes leading up to the underlying event and that the clip is relevant to his mental state at the moment of contact with E—contact that is depicted in the three minutes of defendant's own video recording and in a brief surveillance video recording that were both admitted into evidence. The state argues that the excluded video clip is not relevant and that, even if it has some probative value, its exclusion was harmless. We conclude, for the reasons that follow, that the excluded video clip was relevant to defendant's state of mind. Because we cannot say that there is little likelihood that the exclusion of the video clip had an effect on the verdict, the error was not harmless. We reverse defendant's conviction on Count 1 and remand.

We review the trial court's determination of relevance for legal error. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). OEC 401 provides:

---

[1] ORS 163.160 provides, as relevant:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another[.]"

[2] Defendant was also charged with harassment (Count 2) and second-degree criminal trespass (Count 3). The jury acquitted him of those charges.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The language of OEC 401 establishes a "very low" threshold for the admission of evidence. *Titus*, 328 Or at 480-81. It is not the inherent character of any given piece of evidence that makes it relevant, it is instead its relationship to the case in which it is offered, measured by logic and experience. Laird C. Kirkpatrick, *Oregon Evidence* § 401.03 at 158-59 (7th ed 2020). Relevant evidence is evidence that matters—and thus makes a difference—to the case in which it is offered. It may be direct evidence, but it does not need to be. It does not need to be the best evidence. Evidence may provide contextual and background information only, *see, e.g.*, *State v. Bement*, 284 Or App 276, 291, 391 P3d 838 (2017) (statements in emails provided relevant contextual background about victim's state of mind), or it may be central to a key issue in the case. Evidence must have some logical connection to the factual issues that the factfinder is charged with deciding and, if it does, then it is relevant evidence.

A person commits assault in the fourth degree if he "intentionally, knowingly, or recklessly causes physical injury to another." ORS 163.160. At a minimum, then, the state was required to prove beyond reasonable doubt that defendant acted recklessly in causing physical injury to E in order to prevail on the assault charge. Recklessly is defined in this context as meaning "that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." ORS 161.085(9). Defendant did not—and does not—dispute that E was injured or that her injuries were caused by the physical contact that occurred between them. His argument was—and is—that he "collided with [E] by accident." He argues that if the jury concluded that the physical contact and related injuries occurred accidentally, that would fall short of the "reckless" mental state required to convict him of assault in the fourth degree. We agree.

The portion of the video recording that the court excluded over defendant's objection shows defendant's activities

at the city council meeting in the minutes leading up to the physical event. Having viewed and considered the excluded video clip along with the portion of the video that was admitted, we conclude that a factfinder could reasonably have found that defendant was present at the meeting to exercise his free speech rights and to participate in the public forum and that, at the moment of physical contact with E, defendant was not aware of—and did not consciously disregard—a substantial and unjustifiable risk that E would be injured. A jury could find that the physical contact occurred, but that it occurred by accident.

We readily acknowledge that one could question defendant's overall strategy and approach to observing and participating in the public forum. A reasonable jury might infer the requisite state of mind after viewing the entire video clip, and again find defendant guilty of assault in the fourth degree. But the fact that reasonable jurors might draw different conclusions about defendant's mental state from the evidence does not make the excluded clip irrelevant. Because the excluded evidence was relevant to a central issue, defendant's state of mind, we cannot say that its exclusion was harmless.

Conviction on Count 1 reversed and remanded; otherwise affirmed.