390                    May 7, 2025                    No. 411

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTONIO SOTO,
*Defendant-Appellant.*

Marion County Circuit Court
21CR28066; A181097

James C. Edmonds, Judge.

Submitted April 3, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals a judgment of conviction, entered following a jury trial, convicting him of second-degree murder with a firearm, attempted first-degree murder with a firearm, and felon in possession of a firearm. He raises 11 assignments of error. For the reasons that follow, we affirm.

EVIDENTIARY RULINGS

In his first through tenth assignments of error, defendant challenges the trial court's rulings excluding evidence of the victims' involvement with guns and gangs.

Prior to trial, the state moved to exclude four categories of evidence: (1) three photographs, taken prior to the shooting that is the subject of this case, in which D, the deceased victim, and A, the surviving victim, were holding guns or had guns tucked into their clothing; (2) two photographs, taken shortly after the shooting, of the trunk of D's car containing, among other things, a sweatshirt with the word "gang" on it; (3) three police reports concerning D's arrests for unlawful possession of a firearm and a possible dispute over a gun; and (4) testimony from A about a statement he made to police denying his involvement in gangs. Defendant argued that the evidence at issue was essential to support his defense theory that someone else had shot at the victims. The trial court granted the state's motion, concluding that the evidence was not relevant under OEC 401, and, even if it was relevant, its probative value was outweighed by the risk of prejudice under OEC 403. The court specifically identified the risk that the evidence would permit the jury to speculate that the victims always carried guns or had guns at the time of the shooting. However, the court expressed its willingness to revisit the issue if something arose in the course of trial that impacted the relevance and probative value of the evidence.

Defendant raised the issue again on the first day of trial, outside the jury's presence, and again on several occasions during the trial, sometimes through an offer of proof. Although his arguments evolved somewhat during the proceedings, defendant's theory ultimately was that the evidence was relevant to prove that D had a gun on him at the time

of the shooting and that someone else, who may have been a member of a gang, had shot at the victims. At each juncture, the trial court continued its earlier ruling excluding the evidence at issue because it was not relevant and, even if it was, its probative value was outweighed by the risk of prejudice.

On appeal, defendant argues that the trial court erroneously concluded that the proffered evidence was not relevant under OEC 401 and abused its discretion in ruling to exclude it under OEC 403. Defendant further argues that the trial court's erroneous evidentiary rulings deprived him of his federal constitutional right to present a complete defense. Because we conclude that the trial court properly excluded the proffered evidence as irrelevant, we need not reach defendant's arguments under OEC 403 and the United States Constitution.

We review a trial court's determinations whether evidence is relevant for errors of law. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). Under OEC 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevance is, thus, a "very low threshold for the admission of evidence." *State v. Naudain*, 368 Or 140, 149, 487 P3d 32 (2021) (internal quotation marks omitted). "It is not the inherent character of any given piece of evidence that makes it relevant" but "instead its relationship to the case in which it is offered, measured by logic and experience." *State v. Richey*, 324 Or App 290, 293, 525 P3d 476 (2023) (citing Laird C. Kirkpatrick, *Oregon Evidence* § 401.03,158-59 (7th ed 2020)). The proponent of the evidence bears the burden of establishing a relationship between the proffered evidence and a fact that will be consequential to the determination in the proceeding. *Harper v. Washburn*, 308 Or App 244, 253, 479 P3d 1101 (2020). That relationship may be based on one or more reasonable, nonspeculative inferences to be drawn from the evidence. *Id.* at 253-55; *see also Titus*, 328 Or at 481 ("Evidence is relevant so long as the inference desired by the proponent is reasonable, even if the evidence also could support a contradictory inference.").

We agree with the trial court's determination that, based on the record before the court each time it ruled on the issue, evidence that the victims had guns a month or more before the shooting and had clothing with the word "gang" on it was too speculative to be relevant under OEC 401. That is because the relationship between the proffered evidence and the consequential facts defendant ultimately sought to establish with that evidence—that someone else may have been present and shot at the victims, either in self-defense or because the victims were gang members—relied on impermissible, speculative inferences. Evidence that one or both victims had a sweatshirt with the word "gang" on it, without more, has no tendency to show that the victims were members of a gang. Similarly, evidence that the victims had guns on several occasions a month or more prior to the shooting does not, without more, tend to show that either victim had a gun at the time of the shooting. But even if the proffered evidence had some tendency to show that the victims were gang members and had a gun at the time of the shooting, concluding on this record that someone other than defendant shot at the victims because of their gang membership and gun possession at the time of the shooting would require an impermissible, inferential leap. Although there is some evidence in the record demonstrating that other people may have been at or near the scene where the shooting occurred, there is no evidence, for example, that any of those people may have been gang members or that the victims had any sort of conflict with any of those individuals.

Because the trial court did not err in determining that the evidence defendant offered was not relevant under OEC 401, we reject defendant's first through tenth assignments of error.

## THE PROSECUTOR'S CLOSING ARGUMENT

In his eleventh assignment of error, defendant contends that the trial court erred in denying his motion for a mistrial based on what he contends were improper comments from the prosecutor in closing argument that individually and collectively deprived him of his right to a fair trial.

The prosecutor argued in closing, among other things, that one witness, defendant's fiancée, had "lied to

[the jury] under oath" and "committed perjury"; that she was "honest" when she acknowledged that she loved defendant; and that she "gets amnesia" when asked questions about the scene of the shooting because she would "do anything she can to try to get [defendant] out of trouble." At the conclusion of the prosecutor's closing argument, defendant moved for a mistrial based on the prosecutor's comments regarding the witness. The court denied defendant's motion but offered to give the jury a limiting instruction. Defendant declined the court's offer.

On appeal, defendant renews his argument that he was entitled to a mistrial because the prosecutor's comments on the witness's credibility deprived him of a fair trial. We review a trial court's denial of a defendant's motion for a mistrial for an abuse of discretion. *State v. Davis*, 345 Or 551, 582-83, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009). A trial court abuses its discretion in denying a mistrial only if the effect of the prosecutor's conduct was to deny the defendant a fair trial. *Id.* at 583. Generally, a proper jury instruction will be adequate to "cure any presumed prejudice from a prosecutor's misconduct." *Id.*

Having reviewed the record, we conclude that the prosecutor's comments regarding the credibility of defendant's fiancée were not improper. In context, we understand the prosecutor to have made permissible credibility arguments based on the evidence rather than conveying his personal credibility opinions. *See Davis v. Cain*, 304 Or App 356, 364, 467 P3d 816 (2020) ("[P]rosecutors have substantial leeway to argue about the *evidence* and to try to persuade jurors to their view of the evidence, but they may not interject their own personal views of a witness's credibility." (Emphasis in original.)). Accordingly, we conclude that the prosecutor's credibility arguments did not deprive defendant of a fair trial.

Although defendant did not object to any of the prosecutor's other arguments before the trial court, he further argues on appeal that two other categories of comments from the prosecutor deprived him of a fair trial. The first category consists of comments the prosecutor made at the beginning of his closing argument while showing the jury a photo of D before his death, describing his death as "senseless"

and "tragic," referring to his relationships with family and friends, and stating that "anything that [D] might've ever done, anything he might've ever become, any hope he had, any dream he dreamt, that all died with him[.]" The second category includes comments the prosecutor made regarding the opening statement of defendant's lawyer, that he "promised a lot and he delivered on nothing" and that "the reason why the defense can't present to you any credible evidence, anything to refute the State's case, is because there is no defense to this. There is no defense when you're guilty and the defendant is guilty."

Because defendant did not object to any of those statements before the trial court, we are limited to plain-error review. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) (stating the general rule that "an issue not preserved in the trial court will not be considered on appeal"); ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error."). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

In determining whether plain error exists with respect to a prosecutor's statements in closing argument, we apply the standards for reviewing a trial court's ruling on a motion for mistrial. *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022). That is, a defendant must show not just that the prosecutor's comments were improper, but also that the statements were "so egregious that striking them or giving a curative instruction would have been insufficient." *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023). "In other words, prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *Id.* (emphasis in original).

Having reviewed the entirety of the state's closing argument, we conclude that the prosecutor's comments

regarding D's relationships with family and friends and his unrealized hopes and dreams, as well as those that defendant's lawyer "promised a lot" and "delivered on nothing" were not plainly improper. In other words, they were not so egregious that striking them or giving a curative jury instruction would have been insufficient to remedy any prejudice to defendant. *Id.*

Accordingly, we reject defendant's eleventh assignment of error.

Affirmed.