No. 9                    January 29, 2026                    817

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review,*

*v.*

MENPHREY DOUGLAS McGEE,
*Respondent on Review.*

(CC 19CR22915, 19CN03969, 19CR58662)
(CA A178091 (Control), A178092, A177818) (SC S072315)

On petition for review filed October 24, 2025;* considered and under advisement on January 6, 2026.

Doug M. Petrina, Assistant Attorney General, Salem, filed the petition for petitioner on review. Also on the petition were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Mark Kimbrell, North Current Legal, LLC, Portland, filed the response to the petition for review for respondent on review.

Menphrey Douglas McGee, Pendleton, filed a supplemental contingent petition for review *pro se*.

Before Flynn, Chief Justice, and Duncan, Garrett, DeHoog, James, and Masih, Justices.**

PER CURIAM

The state's petition for review is denied. Defendant's contingent petition for review and defendant's *pro se* supplemental contingent petition for review are denied.

Duncan, J., concurred and filed an opinion, in which Garrett and DeHoog, JJ., joined.

James, J., concurred and filed an opinion.

————————————
  * Appeal from Multnomah County Circuit Court, Jerry B. Hodson, Judge. 341 Or App 237, 572 P3d 1063 (2025).

  ** Bushong, J., did not participate in the consideration or decision of this case.

**PER CURIAM**

The state's petition for review is denied. Defendant's contingent petition for review and defendant's *pro se* supplemental contingent petition for review are denied.

**DUNCAN, J.,** concurring.

The court has denied the petitions for review filed in this case, and I concur in that denial. I write separately to observe that the state's petition for review raised an important legal issue that the court should consider in an appropriate case.

I respectfully concur in the denial of the petitions for review.

Garrett and DeHoog, JJ., join in this concurrence.

**JAMES, J.,** concurring.

In *State v. Williams*, 357 Or 1, 3, 346 P3d 455 (2015), this court held that, in a prosecution for child sexual abuse, the trial court did not err when it admitted evidence, under OEC 401, 404, and 403, of the defendant's possession of children's underwear. There, we reasoned that "there is a slim but distinct difference between using the underwear evidence to establish defendant's character and propensity to act accordingly, and offering that evidence to establish defendant's sexual purpose." *Williams,* 357 Or at 23.

In this case, the state offered, and the trial court admitted, evidence that prior to defendant's alleged commission of child sexual abuse, defendant viewed legal, "incest themed" pornography involving adults. The Court of Appeals reversed, relying principally on our decision in *State v. Davis*, 372 Or 618, 621, 553 P3d 1017 (2024). The state petitions for review, arguing that the evidence here, like in *Williams*, was admissible to establish defendant's sexual purpose to commit child sexual abuse.

I concur with this court's decision to deny review in this case. However, I note that the interaction between *Williams* and *Davis* is an issue that may be worthy of this court taking up, when presented through a fact pattern more closely resembling that present in *Williams*.