718 April 22, 2026 No. 327

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT LEE-ROY WOOD,
*Defendant-Appellant.*

Lincoln County Circuit Court
23CR49509; A184531

Amanda R. Benjamin, Judge.

Submitted March 18, 2026.

Raymond Tindell filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals from a judgment convicting him of one count of first-degree sex abuse, ORS 163.427 (Count 1),[1] and one count of harassment, ORS 166.065(4) (Count 2).[2] In two assignments of error, he argues that the trial court erred by allowing the admission of evidence regarding a prior bad act and by denying a motion for judgment of acquittal (MJOA) on Count 1. The state responds that the trial court acted within its discretion to admit the prior bad act evidence and correctly denied the MJOA. For the reasons that follow, we affirm.

Defendant was an emergency room (ER) tech.[3] Defendant was convicted on both counts based on an incident in which he squeezed the testicles of a 10-year-old boy.

During a pretrial hearing, the state sought to admit testimony from a 15-year-old teen who visited the ER for abdominal pain approximately one month before the charged incident. The state argued that the teen would testify that defendant offered to help him change into a larger gown, asked if he was circumcised, and pulled open the teen's

---

[1] ORS 163.427 provides, in relevant part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age[.]"

[2] ORS 166.065 (2022), *amended by* Or Laws 2025, ch 375, § 3, provides, in relevant part:

"(1) A person commits the crime of harassment if the person intentionally:

"(a) Harasses or annoys another person by:

"(A) Subjecting such other person to offensive physical contact;

"* * * * *

"(4) * * * [H]arassment is a Class A misdemeanor if

"* * * * *

"(A) The offensive physical contact consists of touching the sexual or other intimate parts of the other person[.]"

[3] "Because the jury convicted defendant, we state the facts in the light most favorable to the state." *State v. Villanueva-Villanueva*, 262 Or App 530, 531, 325 P3d 783 (2014). However, in assessing whether the admission of evidence was error, we review all "pertinent portions of the record, not just those portions most favorable to [the disposition at trial]." *Id.* (internal quotation marks and citation omitted).

boxers to view his genitals. The state argued that the evidence involving the teen was admissible to show that defendant acted without a proper medical purpose and with a sexual purpose under ORS 163.427 during the charged incident with the boy. The state argued the evidence was highly relevant. In support of its position, the state noted that the teen visited the ER for abdominal pain, and there was no reason whatsoever for defendant to look at the teen's genitals. The state also argued that the evidence was "not salacious" and that any danger of unfair prejudice was minimal.

Defense counsel argued that circumcision status is relevant to the collection of a usable urine sample, and defendant asked the teen whether he was circumcised and looked at his genitals to confirm his answer. Defense counsel also argued that the evidence was irrelevant, salacious, and did not illustrate a clear sexual purpose. Defense counsel further argued that the evidence improperly relied on propensity or character reasoning.

After considering the relevance of the evidence and whether its probative value was outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury, the court issued a written opinion stating that the evidence was admissible to illustrate whether defendant acted with a sexual purpose. The court expressed that defendant could request a limiting instruction.

During trial, evidence about defendant's interaction with the teen was admitted. The state also presented other evidence about the charged conduct involving the boy to show that defendant acted with a sexual purpose. Defendant argued that any interaction with the boy was for a medical purpose and elicited testimony to support that theory.

At the close of the state's case in chief, defense counsel moved for a judgment of acquittal and argued that because there was evidence to show that defendant acted with a medical purpose, the state did not prove beyond a reasonable doubt that defendant acted with a sexual purpose under ORS 163.427. The state opposed the MJOA. The trial court denied the motion, citing in part testimony from the boy and his mother about defendant's behavior and demeanor.

At the close of trial, the court provided a limiting instruction to the jury that it may only consider the prior act evidence, regarding the teen, if and after determining that defendant touched a sexually intimate part of the boy.[4]

## ADMISSIBILITY OF PRIOR ACT EVIDENCE

The parties dispute whether the prior act evidence is relevant under OEC 401, and if so, whether the risk of unfair prejudice outweighs the evidence's probative value pursuant to OEC 403.

OEC 404(4) provides that, if relevant, "evidence of other crimes, wrongs or acts by the defendant" may be admissible in a criminal trial, subject to certain statutory and constitutional protections. Evidence offered under OEC 404(4) is admissible "if it is relevant under OEC 401, and if its probative value is not substantially outweighed by the danger of unfair prejudice under OEC 403."[5] *State v. Estrada-Vargas*, 342 Or App 374, 377, 576 P3d 985 (2025),

---

[4] The court instructed the jury as follows:

"You heard evidence regarding prior alleged actions of [defendant]. In this case, the state alleges that [defendant] touched a sexually intimate part of [the boy] for a sexual purpose. The testimony presented with regard to his prior actions toward [the teen] may be considered by you for a limited purpose.

"Before considering the evidence of [defendant's] prior actions, you must first decide whether or not [defendant] touched a sexually intimate part of [the boy]. If you decide [defendant] touched a sexually intimate part of [the boy], then and only then may you consider evidence of [defendant's] conduct with [the teen] in deciding whether or not he acted with a sexual purpose.

"The evidence of [defendant's] prior acts may only be used for the limited purpose of its bearing, if any, on his intent or whether he acted with a sexual purpose. The prior acts evidence is not by itself sufficient to prove that [defendant] committed the act alleged in this case.

"[Defendant] is not on trial for any of the acts described by [the teen]. The state continues to bear the burden of proof of each and every element of the offense charged and to prove said element of each charge beyond a reasonable doubt."

[5] OEC 401 provides:

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

OEC 403 provides, in part:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, ***."

*rev den*, 374 Or 698 (2026). We review a trial court's OEC 401 relevance determination for legal error and the OEC 403 determination for abuse of discretion. *Id.*

Regarding relevance of the evidence, we consider whether the evidence was relevant under OEC 401 to show that defendant acted with sexual purpose. *See State v. Martinez*, 341 Or App 10, 22, 572 P3d 1081, *rev den*, 374 Or 421 (2025) (*Enrique Martinez*) (evidence that the defendant viewed girls changing their clothing was logically "relevant to the sexual purpose element of the offense"). In this case, the trial court determined that the incident with the teen and the incident with the boy occurred close-in-time and share many factual similarities. The evidence could logically assist a rational factfinder in deciding whether defendant acted with a sexual purpose if they found he touched the boy. *See id.* (evidence that can support an inference that the defendant has a sexual interest in victims with similar characteristics "makes it more probable that, *if* [the] defendant did engage in the [charged conduct], he did so for a sexual purpose" (emphasis in original)). The evidence—that defendant had previously exposed and observed the genitals of a male teen in the ER, without any medical purpose for doing so, "tend[s]" to make it "more probable" that, if defendant committed the charged conduct, he acted with a sexual purpose toward the boy. OEC 401.

We are unpersuaded by defendant's argument that the prior act evidence is irrelevant because one incident involved touching and one did not.[6] Likewise, defendant's argument that the prior act evidence was not relevant because defendant was *not charged or convicted* of it is undercut by existing case law. *See, e.g.*, *Estrada-Vargas*, 342 Or App at 378, 383 (evidence regarding uncharged conduct was not improperly admitted).

Regarding OEC 403 balancing, the trial court did not abuse its discretion when it determined that the risk of

---

[6] On appeal, defendant also argues that the prior act evidence was improper because while testifying, the teen did not specifically identify defendant as the ER employee who looked at his genitals. Defendant raised no such objection during trial. Thus, the argument is unpreserved. *See* ORAP 5.45 (providing, in part, "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court"). Defendant does not request plain error review.

unfair prejudice did not substantially outweigh its probative value. The relevance of prior acts evidence, offered to show a defendant's sexual interest in children, relies upon propensity reasoning. *State v. Reed*, 348 Or App 116, 121, ___ P3d ___ (2026). In considering whether proffered evidence that involved a character-based propensity component is admissible, we apply a four-part analysis, in which "we first assess the degree to which we are able to parse the act into constituent parts to aid in determining the degree of character present in the proponent's theory of relevancy." *Estrada-Vargas*, 342 Or App at 379 (internal quotation marks, ellipsis, and citation omitted). Second, we "consider the probative value of the evidence to determine whether its relevance relies on character reasoning expressly or by implication." *Id.* at 380 (internal quotation marks, ellipsis, and citation omitted). The prior act evidence in this case cannot be meaningfully parsed, and it necessarily relies on propensity reasoning, *i.e.*, that defendant has a sexual interest in minor males and was more likely to have acted with a sexual purpose during the charged conduct. *Id.* at 379 (other acts evidence need not be parsed because context was "no more than that needed to understand * * * the conduct's similarity to the charged acts").

In the third step of analysis, if the evidence has not been parsed into constituent parts and it relies on propensity reasoning, as is the case here, we must consider "whether the trial court abused its discretion" in its OEC 403 balancing. *Enrique-Martinez*, 341 Or App at 22. The "*risk* of unfair prejudice" is indisputable with regard to the prior act evidence in this case because of the inherent prejudicial nature of "character-based propensity reasoning." *State v. Martinez*, 335 Or App 643, 659, 559 P3d 907 (2024), *rev den*, 373 Or 713 (2025) (*Roberto Martinez*) (emphasis in original). However, the risk of unfair prejudice resulting from the prior act evidence in this case is not on the egregiously unfair end of the spectrum, *see id.* at 652 (acknowledging the "spectrum of relative probative value and danger of unfair prejudice"), particularly considering the prior act evidence admitted in other first-degree child sex abuse cases. *See Enrique Martinez*, 341 Or App at 23 (evidence that a defendant viewed girls changing their clothing was "less

likely to inflame jurors" than evidence admitted in other cases); *cf. State v. McGee*, 341 Or App 237, 246-47, 572 P3d 1063 (2025), *rev den*, 374 Or 817 (2026) (spreadsheet listing the titles of incest-themed pornographic videos, the source websites, and the videos themselves "carried the risk of significant prejudicial impact"). Here, the prior act evidence was "less inflammatory than the charged conduct," because it did not involve genital touching. *Estrada-Vargas*, 342 Or App at 381. On this record, we cannot say that the trial court abused its discretion in balancing the probative value of the evidence against its potential for unfair prejudice.

Finally, we consider any mitigating or limiting steps taken by the court to reduce the likelihood of unfair prejudice, confusing the issues, or misleading the jury. *Id*. at 382-83. Here, the limiting instruction provided by the trial court properly communicated to the jurors that they could not consider the prior act evidence for any purpose other than—if and after they determined that the state proved beyond a reasonable doubt that defendant touched a sexually intimate part of the boy—to aid in determining whether defendant acted with a sexual purpose. That instruction provided an accurate statement regarding permissible use of the prior act evidence. *See Enrique Martinez*, 341 Or App at 16-17 (evidence of a defendant's "prior acts or interactions with children when offered to show that the defendant's alleged act in a child sexual abuse case, if true, was committed for a sexual purpose, subject to OEC 403 balancing" is permissible). Thus, defendant's first assignment of error does not support reversal. *Estrada-Vargas*, 342 Or App at 376, 378.

## MOTION FOR JUDGMENT OF ACQUITTAL

Defendant argues that denial of his MJOA was error because, in defendant's view, "there was no evidence that defendant knowingly subjected the alleged victim to sexual contact, as defendant was a medical technician while examining the alleged victim and had a medical purpose." The state argues that denying the MJOA was proper because the record contains sufficient evidence to allow a rational trier of fact to consider whether defendant acted with a sexual purpose and infer that he did.

On review of the denial of an MJOA, our task is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). To the extent that inferences from circumstantial evidence are necessary to prove an element, it is a question of law what reasonable inferences may be made from the evidence. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). Reasonable inferences are allowed, but "speculation and guesswork are not." *Id.*

Defendant argues that the state "failed to introduce any evidence that any alleged contact with [the boy's] intimate parts, if it happened at all, was for the purpose of sexual gratification." However, the record includes testimony that defendant's job duties did not include examining patients and certainly did not require examination of genitals. Evidence also included that defendant was not wearing gloves when he touched the boy, even though hospital policy required staff to use gloves while coming into contact with genitalia. During a recorded police interview, defendant acknowledged that physical examination of a patient was not within his job description. Other evidence included testimony that defendant made a comment about how good the boy smelled, repeatedly offered to help the boy into a gown and to help the boy provide a urine sample, and attempted to view the boy's unclothed body while the doctor conducted an examination. As explained above, it was also permissible for jurors to consider whether defendant's prior behavior regarding intimate parts of the teen supported a determination that defendant acted with a sexual purpose. A rational factfinder could infer from these facts that defendant acted with a sexual purpose when he touched the boy's testicles.

Affirmed.